The next case for argument is Acevedo v. Barr. Good morning. Good morning, Your Honors. It may please the Court. Andrea Science for Petitioner Braulio Acevedo. Your Honors, Mr. Acevedo is a longtime permanent resident of the United States who was denied a simple evidentiary hearing on whether he deserves to keep his green card because the agency wrongly found his convictions to be aggravated felonies. In doing so, the Board of Immigration Appeals failed to apply the guidance of the Supreme Court's decision in Esquivel-Quintana v. Sessions regarding the contours of the sexual abuse of a minor aggravated felony ground in the INA. These convictions do not constitute aggravated felonies because the New York statutes do not require a heightened mens rea, cover conduct falling outside the Federal generic offense, or both. The BIA made three serious errors that this Court should reverse. First, and generally, the BIA refused to acknowledge any effect of the Supreme Court's decision in Esquivel-Quintana, which reanalyzed this aggravated felony ground in critical ways that changed the result in this case. Second, the BIA failed to acknowledge that an aggravated felony of this type requires a heightened mens rea, which this circuit had already noted before Esquivel-Quintana in UCH and has refused to give any definition of what level of mens rea is required. Third, the BIA has continued to use a flawed procedural statute, 18 U.S.C. 3509a, as a guide, not as an actual definition to the scope of conduct that constitutes a sexual abuse of a minor aggravated felony, rather than as the Supreme Court directs, to use traditional tools of statutory construction and the far more relevant criminal statute at 18 U.S.C. 2243 to properly limit the conduct that triggers the harsh consequences of this aggravated felony ground. But Esquivel-Quintana looked to 2243. It didn't direct that that's what we should do for all questions. It didn't adopt it as a generic definition of sexual abuse of a minor, did it? No, it didn't, Your Honor. It said that it was a closely related statute and that it was one of the three sources of guidance that the Supreme Court used to find that the question in that case was not ambiguous and that there was no need for Chevron deference to even be considered. The other, the first tool that the Supreme Court said to use is simple statutory construction to look at the context of this phrase in the INA and the U.S. Code to see that it was put as an aggravated felony, that it was put together with rape and murder to show how serious this offense needs to be, and importantly, to note that that 2243 was the same phrase in the U.S. Code and that it had been that sexual abuse of a minor was added into the INA. And so, right, it's not a complete guide, and I think that that refers mostly to the Supreme Court wanting to reserve for another day the issue of whether there needs to be a certain age differential between the parties. That question was not reached there, and it's not presented in this petition. We think that that statute still continues to be a very important source of guidance. It's really the only source of guidance that's been proffered in this case as to the BIA's answer to that question is basically not to answer the question. There are two statutes at issue in this case. New York Penal Law 130.45 and 130.60. The first of those, 130.45, is not an aggravated felony because it has no mens rea requirement and no mistake of age defense. The second ---- Sotomayor, I'm sorry. Say it again. And what's the second? It has no mens rea and no mistake of age defense. Oh, okay. The second, 130.60, has the same, does not have a mens rea requirement or a mistake of age defense, and additionally covers conduct so broad in the New York sexual contact definition that this Court had previously expressed concern in James v. O'Casey and Flores v. Holder that that was not a sexual abuse of a minor offense even using the BIA's definition. So the Court ---- Does our decision in Uch preclude some of your arguments here? Not at all, Your Honor. I would say what's important about Uch is that Uch basically presumes that you do need a heightened mens rea. The statute at issue in Uch has a knowing mens rea, and I think that's really important to differentiate that there's a very broad universe of State statutes that cover sexual conduct, and they cover a very wide array of conduct and mens rea. The statute in Uch has a knowing mens rea, and the Court in Uch specifically talks about how that's necessary, uses the word stringent to say that that's necessary to this ground. The one part of Uch that I think doesn't survive is just simply the deference to the BIA definition. I actually think that doesn't even need to come into play here, because using the tools of statutory construction in Esquivel-Quintana, the Court can reach the mens rea issue without dealing with the BIA's definition, which simply refuses to answer the question. Sotomayor, what are you doing with Mugali? Yes, Your Honor. I think this Court's decision in Mugali largely cannot survive Esquivel-Quintana for several reasons. The holding plainly doesn't survive because Mugali deals with a statute that covers people over age 16. But I think it's much more than that, because the grant of deference can't survive because if it did, the holding wouldn't survive. I think what's important about Mugali, I think a lot has happened in categorical analysis in the last 18 years, and the Supreme Court has again and again returned to sort of correct the agency, bring it back on its path, and say, you must use traditional tools of statutory construction. And respectfully, the Mugali panel doesn't explain why the statute is ambiguous, and it does something that the Supreme Court rejects, which is simply to say, well, it's not defined in the U.S. Code, and then jumps to the grant of deference. The Supreme Court in Esquivel-Quintana specifically notes that it's not the phrase is not specifically defined, and then goes on to apply those tools to find that it's not ambiguous, and it's not an aggravated felony. So we ask you to do the same. The Mugali doesn't address mens rea. It doesn't address mens rea, Your Honor, but I also think that the Chevron issues are also superseded. Thank you. Thank you, Ms. Sanders. You've reserved two minutes for rebuttal. Mr. Anderson. Good morning, Your Honor. May it please the Court, Eric Anderson representing the Attorney General. Mr. Acevedo has two New York State convictions for sexual abuse of children, and the issue is whether there's any realistic probability that New York punishes conduct under these statutes that falls outside the Federal generic definition of sexual abuse of a minor. Before you get into your main argument, can you just clarify something for me? One of those statutes is a misdemeanor in that it's 364 days. Yes. And under Second Circuit precedent, will it still qualify as a Federal aggravated felony even though it's 364 days? Yes, Your Honor. As a defined term in the Immigration and Nationality Act, a State misdemeanor conviction can qualify. I think we cite a case that's one that is less than a year. Less than a year, Your Honor. Okay. I think we cite United States v. Pacheco to that effect. All right. I'll look that up. Thank you. So the three steps of the categorical analysis will be to identify the Federal generic definition, consider the State elements, and then consider whether there's any reasonable probability of a conviction falling outside the Federal definition. And to start with the Federal generic definition, this Court should use that provided by the Board of Immigration Appeals in matter of Rodriguez-Rodriguez, both because it merits deference and because this Court has already deferred to it. So in 1996, Congress added sexual abuse of a minor to the list of aggravated felonies in the Immigration and Nationality Act. Notably, it did not pick the name of a common law offense. It did not provide a cross-reference to another section in the Federal Code. And it did so at the time where it was enacting other penalties, immigration consequences, rather, for crimes against children. In matter of Rodriguez-Rodriguez, the Board was addressing the question, how do we determine the Federal generic definition? And it rejected 18 U.S.C. 2243 for good reasons. First of all, 2243 is limited to crimes involving touching or contact. It excluded the most heinous kind of lewd and sevious displays. It excluded offenses where the victim was under the age of 12. It excluded abusive conduct that is made abusive by a statute defining a relationship to a family member or to a person in trust or authority. So for all these reasons, the Board concluded that 2243 excluded things that Congress wanted to capture when it added sexual abuse of a minor to the list of aggravated felonies. And instead, it picked 18 U.S.C. 3509. That is not only reasonable, but as this Court has already deferred to it and recognized it as reasonable in Mughali, the O-Ouch decision and subsequent cases. And Esquivel-Quintana does not provide any reason to revisit that deference. Esquivel-Quintana addressed one issue, and it did so on the basis of Chevron Step 1. It says, when you have a state offense defined solely by the age of the participants, sorry, a state sexual offense defined solely by the age of the participants, the victim must be under the age of 16. It did not get to any issue of ambiguity or whether the Board's interpretation in murder of Rodriguez-Rodriguez was a reasonable interpretation of ambiguous statutory decision, and therefore, both because it merits deference and this Court has already deferred, the Board applied 3509 in this case, and we'd ask it to be upheld on that basis. So then we come to turn to the state offenses. Mr. Osler. Okay. We found in many cases you should defer to 3905 looks like a nice definition, even though it comes from a kind of procedural statute. But the fact that we deferred in some cases, we have a different statute before us. Are we required by those cases to defer to that interpretation in the context of this case? I'm just not sure whether they're really binding on this case. Well, Your Honor, clearly at the last step where you're analyzing whether a state offense falls under it, that would be different. It's not binding to that effect. But I do think when you're deferring to that definition, then you're kind of saying, well, all these problems like mens rea and all that stuff go away because they're not in that definition. Is that what you're saying? Yes, and, Your Honor, I mean, interestingly, Esquivel-Quintana emerges. I mean, this is one reason why Petitioner makes much of the fact that the Board has called it a guideline, 3509 is a guideline. That gives the Board flexibility to recognize that certain offenses don't fall within the definition. Well, if it's only a guideline, then wouldn't we ask the BIA to say, okay, now you have a problem with mens rea. How does that fit with your guideline? If it's only a guideline and not a true definition, shouldn't they have addressed that? Your Honor, except for the fact that Mr. Acevedo's two convictions both involve intentional conduct and therefore meet any standard. Yeah. Well, there's different mens rea as to knowing what you're doing, mens rea as to knowing how old the victim is. Right. Well, if you're skipping. He may know that he's committing a sexual act or something like that. It wasn't a mistaken touching. He may know he's doing this, but he has to know the age. That's a different kind of mens rea. Well, if you're looking at the mistake of age issue, then if you write out state statutes that don't provide for a mistake of age, you're writing out the majority of state statutory rape offenses. We know that in 1996, 1997, it was the vast majority of states penalized statutory rape without providing for a mistake of age defense. And it's the same reason that led the board to conclude that excludes too many. Congress would not have wanted to exclude these kind of contacts. Also, I mean, it's notable that to look to the first conviction again, the attempted criminal sexual act in the perpetrator, who's at least 18 years old, having oral or anal sexual conduct with an individual under the age of 15. So age 14 or younger. Notably, New York has provided a significant defense to this. When they increased the age of the victim from 13 to 14 in the year 2000, they created a defense where there was a difference of less than four years between the perpetrator and the victim, which given the other age of the perpetrator is a year older than someone who has just turned 18. And New York has said, not only is that a defense, you don't even need to be mistaken about the age. This is a defense under our law. And it is not, it's shown to be an outlier in this case, where the majority of states don't provide a mistake of age defense. Is the ineffective assistance counsel claim still alive? Is this possibility these state convictions will go away or does that matter? The Supreme Court Appellate Division denied his leave to appeal. Okay. So we think that the attempt provides an intentional conduct for the first conviction. Just to turn to the second conviction, the sexual abuse in the second degree under 130.60. So this does have a intent that is an element of the state offense under New York law, that it involves certain contact for the purpose of sexual gratification, not simply describing the effect on the participants, but describing a purpose and requiring the state to demonstrate the purpose. I acknowledge this Court's decisions in James and Flores where it kind of remanded, it said, Dear Board, on remand, please take note of these state offenses. Notably, James involved a statute with older victims. I think it was at least 16 and maybe 16 and 17-year-olds. It was not confronted with a situation in which you're dealing with sexual gratification and a victim who is 13 years old or younger. In short, there's no reasonable probability that New York penalizes conduct under these statutes that falls outside the definition of sexual abuse of a minor. And if the Court has a ---- It falls outside the definition of sexual abuse of a minor under Federal law. That's right, Your Honor. As articulated. Therefore, he's an aggravated felon and ineligible for cancellation of removal. And if the Court has no further questions, thank you. Thank you, Mr. Anderson. Thank you, Your Honors. Briefly, to the extent that the government suggests that 2243 is a narrow statute, it's not. It's been amended. And I think you don't have to take my word for it, because the Supreme Court says that it's relevant, and we think that that is a superior source of guidance. Importantly, Mr. Acevedo's convictions do not involve intentional conduct. This was fully briefed. But to the extent that the government is trying to use the attempt in this case to import intent, the BIA did not find on that basis. No one has analyzed this case on this basis. It's a violation of the Chenery Doctrine for the Court to reach that issue at this point when the parties so far have only reached the substantive issues in this case. And importantly, even if the Court finds that the second statute, 13060, has sort of a mens rea, we argue that it's not a true mens rea element. It's certainly not a heightened mens rea. It's more akin to negligence, if anything. This Court can still find that that statute is overbroad because of the sexual contact definition. So each statute has more than one way that it's overbroad. We're asking this Court not to remand this matter. This Court can and should decide the mens rea issue for itself. It's because these issues are not ambiguous and they can be drawn from the traditional tools of statutory construction. Your Honors, we don't dispute that Mr. Acevedo is removable. He had other grounds of removability. We are only disputing whether he's removable for an aggravated felony, which we think is in line with the hierarchy of immigration consequences that Congress intended to impose on Federal and State offenses. And if he secures relief, the relief that you're seeking for him, he would be eligible for cancellation of removal as to those other grounds. Am I understanding the immigration law correctly? Yes, Your Honor. The other grounds of removability still make him subject to the proceedings, but he would be able to have an evidentiary hearing where he'd have to show that he deserves an exercise of discretion to keep his green card. Moral turpitude and something else. Yes. He was found removable for a crime involving moral turpitude and a crime of child abuse or neglect, and we are not disputing those. We think that that is exactly in line with the idea that there's a universe of offenses and that some of them have more serious consequences than others. These statutes, because of their lack of mens rea and because the second one is additionally overbroad as to either the government's definition or what we think is the proper Federal offense, are not aggravated felonies, and so do not trip those harsh consequences. For that reason, we're asking you to reach those issues as legal issues and remand for further proceedings. Thank you, Your Honors. Thank you. Thank you both.